USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/24/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIELA LOPES CHAVEZ, et al.,

        Plaintiffs,

-against-

BESOS RESTAURANT BAR & LOUNGE CORP, et al.,

        Defendants.

23-CV-9196 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      Plaintiffs commenced this action against their employer Besos Restaurant Bar & Lounge on October 19, 2023, invoking this Court's federal question jurisdiction and seeking unpaid minimum and overtime wages, as well as related relief, under the Fair Labor Standards Act and state law. Compl. (Dkt. 1) ¶¶ 4-5, 50-83. The parties unanimously consented to the jurisdiction of the assigned magistrate judge on February 28, 2024. (Dkt. 17.) By joint letter-motion dated December 6, 2024 (Dkt. 32), the parties sought approval of their Settlement and Release Agreement (Agreement) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Neither the Agreement nor the letter-motion requested that the Court retain jurisdiction for enforcement (or any other) purposes. On December 11, 2024, the Court approved the Agreement in accordance with *Cheeks* and so-ordered the parties' Stipulation of Dismissal with Prejudice, thereby dismissing the case with prejudice. (Dkts. 34, 35.) The stipulation does not incorporate (or even reference) the terms of the parties' Agreement. The Court did not so-order the Agreement itself. Nor did it retain jurisdiction in its *Cheeks* order.

      Now before me is plaintiffs' March 18, 2025 motion to enforce the Agreement due to defendants' alleged failure to tender the first three settlement payments. (Dkt. 36.) Plaintiffs believe that defendants will also fail to make the fourth and final payment, which is due on April 1, 2025.

(*Id.* at 1.) Although the motion is unopposed, *see* Moses Ind. Prac. § 2(e), this Court cannot adjudicate it.

"Federal courts are courts of limited jurisdiction that possess only that power authorized by Constitution and statute." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (internal quotations omitted). "In keeping with this principle, a district court 'does not automatically retain jurisdiction to hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case." *Id*. (quoting *In re Am. Express Fin. Advisors Sec. Litig*., 672 F.3d 113, 134 (2d Cir. 2011)). Where, as here, the underlying case has been dismissed, and federal jurisdiction has not been retained, "a motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit[]' . . . and therefore 'requires its own basis for jurisdiction[.]'" *Id*. (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, 378 (1994)).

No such basis appears in this matter. Plaintiff cites *Meetings & Expositions, Inc. v. Tandy Corp*. for the proposition that "[a] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." 490 F.2d 714, 717 (2d Cir. 1974). In *Meetings & Expositions*, however, the court had diversity jurisdiction, *id*. at 715, and the settlement agreement itself had been "so ordered," giving it the force of a court order. *Id*. at 717 & n.1. Here, there is no diversity, *see* Compl. ¶¶ 8-18, and the Court did not so-order the terms of the Agreement, either directly or indirectly. Consequently, the Agreement remains simply a contract between the parties, and the circumstances under which they reached that Agreement, and dismissed this case, "are insufficient to confer ancillary jurisdiction on the district court to adjudicate what remains a state law contract claim." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (vacating district court's settlement enforcement order where its prior dismissal

order referenced the settlement but "[did] not expressly retain jurisdiction over enforcement of the agreement, nor [did] it incorporate any of the terms of that agreement").

For these reasons, plaintiffs' motion to enforce the Agreement is DENIED, without prejudice, for lack of subject-matter jurisdiction. The Clerk of Court is respectfully directed to close the motion at Dkt. 36.

Dated: New York, New York
       March 24, 2025                         SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**